UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

PEGGY M. MAPLE, )
 )
        Plaintiff, )
vs. ) 1:08-cv-469-SEB-DML
 )
 )
MICHAEL J. ASTRUE, Commissioner )
 of the Social Security Administration, )
 )
        Defendant. )

**Entry Discussing Application for
Attorney Fees under the Equal Access to Justice Act**

**I. Background**

Peggy M. Maple ("Maple") sought judicial review of the denial by the Commissioner of the Social Security Administration ("Commissioner") of her application for Disability Insurance Benefits ("DIB") under the Social Security Act (the "Act"), 42 U.S.C. § 301, *et seq*. Maple's application was denied initially, on reconsideration, and by an Administrative Law Judge ("ALJ"). The Appeals Council denied review and on judicial review this court determined that the ALJ's decision was not supported by substantial evidence and remanded the case for further consideration.

Maple has moved for an award of attorney fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA"). For the reasons discussed below, Maple's motion for fees (dkt 27) is **denied.**

**II. Discussion**

The EAJA provides that a successful litigant against the federal government is entitled to recover her attorneys' fees if: 1) she was a "prevailing party"; 2) the government's position was not "substantially justified"; 3) there existed no special circumstances that would make an award unjust; and 4) she filed a timely application with the district court. 28 U.S.C. § 2412(d)(1)(A), (B); *see Cunningham v. Barnhart*, 440 F.3d 862, 863 (7th Cir. 2006). Here, Maple is the prevailing party, no "special circumstances" are alleged, and the fee application was timely. The Commissioner argues that his position in this case was substantially justified.

Fees may be awarded if either the Commissioner's pre-litigation conduct or litigation position was not substantially justified. *Cunningham,* 440 F.3d at 863. To be substantially justified the Commissioner's position must have "reasonable factual and legal bases, and there must exist a reasonable connection between the facts and [his] legal theory." *Id.* at 864. A "reasonable basis in law and fact" means "a reasonable person could believe the position was correct." *Golembiewski v. Barnhart*, 382 F.3d 721, 724 (7th Cir. 2004). The Commissioner bears the burden of proving that his position was substantially justified. *Cunningham*, 440 F.3d at 864.

As noted, after reviewing the administrative record and considering the arguments of the parties, the court concluded that the ALJ's decision in this action was deficient. The court remanded the action to the Commissioner for further proceedings because the ALJ did not articulate on what basis she determined that Maple's ankle impairment did not satisfy the requirements of Listing 1.02A. The court rejected Maple's claim that the ALJ's credibility determination was patently erroneous.

The Commissioner opposes Maple's motion for attorney fees, arguing that his position in this action was substantially justified. He asserts that the court concluded that the ALJ did not commit any error other than one of articulation with respect to Listing 1.02A at step three. The court agrees. For EAJA purposes, this is a case, as was *Cunningham,* 440 F.3d at 865, in which the court "ha[s] no trouble concluding the Commissioner's position was substantially justified, even though the ALJ was not as thorough in h[er] analysis as [s]he could have been." It is this court's view that these circumstances show that the Commissioner's position in the litigation was justified to a degree that could satisfy a reasonable person. The Commissioner has thus met his burden of showing that defending the ALJ's decision in this action was substantially justified.

The court is persuaded that the Commissioner's position in the case as a whole had a reasonable basis in law and fact and, therefore, was substantially justified. Accordingly, Maple's motion for attorney fees (dkt 27) is **denied.**

**IT IS SO ORDERED.**

Date: 11/10/2010

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Thomas E. Kieper, UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov

Patrick Harold Mulvany
mulvany@onet.net